# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA PRECISION CORP., a California corporation, wholly owned subsidiary of DALRADA FINANCIAL CORPORATION, a Wyoming corporation [Real Party in Interest],<br><br>                                  Plaintiffs,<br>v.<br>STUART COX,<br>                                  Defendant. | Case No.: 24-cv-1122-AJB-DEB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE** |

Before the Court is Plaintiffs Dalrada Precision Corp. and Dalrada Finincial Corp.'s motion to strike Defendant Stuart Cox's answer. (Doc. No. 19.) Defendant, proceeding pro se, filed an opposition to the motion. (Doc. No. 24.) Plaintiffs did not file a reply. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

Plaintiffs bring this Complaint against Defendant for allegedly fraudulent acts and misrepresentations perpetrated by Defendant, thereby inducing Plaintiffs into entering into a contract for the purchase of a company owned by Defendant. (*See generally* Complaint ("Compl."), Doc. No. 1.)

Federal Rule of Civil Procedure 8 states that a party must "admit or deny the allegations against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). Rule 8 further states

1  "[a] party that intends in good faith to deny all the allegations of a pleading—including the
2  jurisdictional grounds—may do so by a general denial." Fed. R. Civ. P. 8(b)(3).

3       Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a
4  pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
5  matter." "[T]he function of a Rule 12(f) motion is to avoid the waste of time and money
6  spent on litigating spurious issues by dispensing with those issues before trial . . . ."
7  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (quoting *Sidney-Vinstein v.*
8  *A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *rev'd on other grounds*, 510 U.S. 517
9  (1994). Grounds for a motion to strike must be readily apparent from the face of the
10 pleadings or from materials that may be judicially noticed. *Wailua Assocs. v. Aetna Cas.*
11 *& Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998). A matter will not be stricken from a
12 pleading unless it is clear that it can have no possible bearing on the subject matter of the
13 litigation. *Id.*; *see also Empire Tractor Corp. v. Time, Inc.*, 10 F.R.D. 121, 122 (E.D. Pa.
14 1950) ("[A]nd if there is any doubt as to whether under any contingency the matter [sought
15 to be stricken] may [at some time] raise an issue, the motion should be denied." (citations
16 omitted)). Motions to strike are also disfavored in the absence of prejudice. *Horowitz v.*
17 *Sulla*, No. 13-00500 HG-BMK, 2014 WL 1048798, at *10 (D. Haw. Mar. 14, 2014) (citing
18 *Wailua Assocs.*, 183 F.R.D. at 553).

19      Plaintiffs assert Defendant's answer should be stricken in its entirety because
20 Defendant's answer fails to identify specific defenses, and because there are numerous
21 procedural deficiencies that make it difficult for Plaintiffs to ascertain Defendant's
22 defenses and claims. (Doc. No. 19-1 at 5.) Plaintiffs contend Defendant's answer as a
23 whole prejudices Plaintiffs by complicating the litigation and creating confusion. (*Id.*)
24 Defendant, appearing pro se, filed a "Submission of Defense Reply and Request for
25 Dismissal" in an e-mail format, styling his answer as a general denial of Plaintiffs'
26 allegations and does not use the traditional admit/deny style sanctioned by attorneys. (*See*
27 *generally* Answer, Doc. No. 18.) Though proceeding pro se, Defendant is nevertheless
28 required to comply with the Local Rules and the Federal Rules of Civil Procedure.

    Plaintiffs first contend Defendant's answer fails to satisfy Rule 8 because the defenses are not stated "in short and plain terms," and impermissibly includes a request for dismissal and counterclaims that are improperly pled. (Doc. No. 19-1 at 10–11.) Plaintiffs assert the answer's failure to comply with the Court's procedural and pleading format requirements leaves Plaintiffs with no clarity as to how to respond. (*Id.* at 11.) However, the first 12 pages of Defendant's answer, using headings and subheadings, addresses Defendant's "arguments against allegations of fraud, misrepresentation, and defamation, which I categorically deny." (Answer at 3.) Under the heading "Summary of My Position," Defendant asserts he categorically denies Plaintiffs' allegations, that all contracts were executed outside of the United States and are under the jurisdiction of the United Kingdom and Scottish law, and that Plaintiffs' asserted damages have already been addressed in binding arbitration. (*Id.*) Moreover, Defendant addresses the choice of law and venue provisions as stated in the contract between the parties, the statute of limitations, and asserts the Court lacks personal jurisdiction over Defendant. (*Id.* at 4–5.) The answer thus serves its core function of notifying Plaintiffs of the theories of defense upon which Defendant intends to rely. None of those theories are legally defective.

    Next, Plaintiffs assert Defendant's answer is redundant and immaterial because it raises issues unrelated to the Complaint. (Doc. No. 19-1 at 12.) Moreover, Plaintiffs contend the answer impermissibly asks the Court to dismiss Plaintiffs' Complaint and seeks damages. (*Id.*) However, Plaintiffs fail to pinpoint any statements made within the 42-page answer which they find redundant or immaterial, and only state in a conclusory manner that "[t]he statements made in Defendant's Answer . . . are included solely to harass or prejudice Plaintiffs." (*Id.*) Defendant's allegations, while not a model of clarity, could be construed as a defense to Plaintiffs' Complaint. Any arguments made in the answer in support of a motion to dismiss the Complaint will be duly considered upon a properly filed motion to dismiss by Defendant.

    Finally, Plaintiffs assert Defendant's argument that this Court lacks jurisdiction is without merit. (Doc. No. 19-1 at 13.) However, this is an improper merits argument within

a Rule 12(f) context, and Plaintiffs fail to assert how this argument meets Rule 12(f)'s requirements.

Based on the foregoing, Plaintiffs' motion to strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Hon. Anthony J. Battaglia
United States District Judge